UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEVEN LEE WOOD as Personal Representative of the Estate of Daniel Patrick Roach, and for the benefit of the heirs of Daniel Patrick Roach,<br><br>Plaintiff,<br><br>vs.<br><br>KINDER MORGAN ALTAMONT, LLC; and JOHN DOES 1 -3,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-415<br><br>Judge Clark Waddoups |

On August 16, 2016, the court issued an Order to Show Cause why this case should not be dismissed based on lack of diversity. The court informed Plaintiff Steven Lee Wood that the citizenship of each member of a limited liability company must be pled. Additionally, a good faith effort had to be made to plead the citizenship of Doe defendants.

In response to the court's order, Mr. Wood filed an Amended Complaint that dropped the Doe defendants as parties. Additionally, he pled that Kinder Morgan Altamont, LLC is a Delaware limited liability company, whose only member is Kinder Morgan EP Midstream, LLC ("Kinder Morgan EP"). According to Mr. Wood, Kinder Morgan EP is registered in and has its principal place of business in Texas. Based on those facts, Mr. Wood asserts diversity jurisdiction.

"Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quotations and citation omitted). Consequently, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* (citation omitted). "Congress has exercised its prerogative to restrict the subject-matter jurisdiction of federal district courts based on a wide variety of factors . . . ." *Id.* at 515 n.11. Diversity jurisdiction requirements are one such limitation. *Kuri v. Matrix Ctr.*, No. 16-3031, 2016 U.S. App. LEXIS 9294, at *2 (10th Cir. May 18, 2016).

Although Mr. Wood has pled Kinder Morgan Altamont, LLC's sole member is Kinder Morgan EP, Midstream, LLC, that pleading is insufficient to show diversity. "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (3d Cir. 2015) (quotations and citation omitted); *see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) (stating if a "member[] is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered") (citations omitted)); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (noting "because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well") (quotations and citation omitted)); *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) (stating for diversity jurisdiction, "the citizenship of unincorporated associations must be traced through however many layers of

partners or members there may be") (quotation and citation omitted)).

This means Mr. Wood must plead the membership of Kinder Morgan EP Midstream, LLC and continue to trace its membership until the citizenship of all non-corporate entities have been identified and the final members are all individuals or corporations.  Only then will the citizenship of Kinder Morgan Altamont, LLC be known.  The requested information shall be filed on or before **September 23, 2016**.  If diversity jurisdiction is not established, this case will be dismissed.

SO ORDERED this 30th day of August, 2016.

BY THE COURT:

Clark Waddoups
United States District Judge